**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-1926**

───────────────

DISTEFANO, INCORPORATED,

        Plaintiff – Appellant,

   and

DWAYNE DISTEFANO,

        Plaintiff,

   v.

TASTY BAKING COMPANY,

        Defendant – Appellee.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge. (1:22-cv-01493-SAG)

───────────────

Submitted: September 3, 2025             Decided: November 26, 2025

───────────────

Before NIEMEYER, GREGORY, and HARRIS, Circuit Judges.

───────────────

Affirmed by unpublished opinion. Judge Harris wrote the opinion, in which Judge Niemeyer and Judge Gregory joined.

───────────────

**ON BRIEF:** David G. Ross, GARRIS HORN LLP, Rockville, Maryland, for Appellant. Robert R. Niccolini, Washington, D.C., Virginia M. Wooten, Charlotte, North Carolina,

2

OGLETREE DEAKINS, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

DiStefano, Inc., was a distributor and franchisee of Tasty Baking Company. When Tasty Baking terminated the parties' agreement, DiStefano sued for breach of contract, and the district court awarded summary judgment to Tasty Baking. We agree with the district court that Tasty Baking is entitled to judgment as a matter of law and thus affirm.

## I.

DiStefano sold and distributed Tasty Baking products in a specified territory, or "route," pursuant to an agreement with Tasty Baking. Between July and September 2021, Tasty Baking issued DiStefano three notices that it was in breach of that agreement, citing failures to remove expired products from stores and a failure to satisfy a store's service requirements. Shortly thereafter, Tasty Baking terminated the agreement, which provided that receipt of more than two such breach notices in a 12-month period constituted "substantial harm" to Tasty Baking's business and entitled Tasty Baking to terminate. J.A. 261. As set forth in the agreement, Tasty Baking then took over DiStefano's route until the distribution rights could be sold. J.A. 261–62.

DiStefano filed suit in federal district court in Maryland, invoking the court's diversity jurisdiction and asserting breach-of-contract claims.[1] According to DiStefano, Tasty Baking breached the parties' agreement twice: first when it terminated the distributor

---

[1] DiStefano also alleged a violation of the Maryland Fair Distributorship Act. The district court held that the Act did not apply to the parties' business relationship, and DiStefano does not challenge that ruling on appeal.

3

agreement, and then in its post-termination operation of DiStefano's route. In a comprehensive and carefully reasoned opinion, the district court rejected both claims and awarded summary judgment to Tasty Baking. *DiStefano, Inc. v. Tasty Baking Co.*, 2024 WL 3936920 (D. Md. Aug. 26, 2024).

As to termination, DiStefano principally alleged that Tasty Baking had unfairly enforced the parties' agreement, singling out the stores DiStefano serviced for frequent inspections – leading to the discovery of expired products – and failing to help DiStefano smooth over its issue with a disgruntled retailer on its route. According to DiStefano, Tasty Baking's decision to terminate thus violated both the terms of the parties' agreement and the implied covenant of good faith.

The district court disagreed. Tasty Baking's termination, the court held, was fully consistent with the agreement's terms. The termination provision expressly permitted Tasty Baking to terminate after DiStefano received three breach notices in the span of three months, and DiStefano "admit[ted] to having no evidence those breach notices were incorrect, or that the breaches described therein did not occur." *DiStefano*, 2024 WL 3936920, at *5. As for Tasty Baking's alleged failure to provide DiStefano with assistance – interceding on its behalf when it failed to meet retailers' service requirements, for instance – the agreement imposed no obligation on Tasty Baking to take such steps. *Id.* Tasty Baking's termination of the distributor agreement thus fell "squarely within the parties' agreed terms." *Id.*

DiStefano's claim that Tasty Baking terminated the agreement in bad faith was equally unavailing. As the district court explained, Pennsylvania law recognizes a limited

4

duty of good faith and commercial reasonableness with respect to franchise agreements, applicable "only in the context of an attempt on the part of the franchisor to terminate its relationship with the franchisee." *DiStefano*, 2024 WL 3936920, at *4 (quoting *Witmer v. Exxon Corp.*, 434 A.2d 1222, 1227 (Pa. 1981)).[2]  But DiStefano had put forward no evidence – just "mere speculation" – in support of its claim that Tasty Baking treated DiStefano unfairly, by targeting it for inspections or otherwise. *Id.* at *5.

The district court then turned to DiStefano's claim that Tasty Baking breached its contractual obligations *after* the termination, by failing to satisfactorily service DiStefano's route after it took over and failing to pay DiStefano a share of the profits.  Again, the court found no violation of the terms of the agreement, which required only that Tasty Baking "use reasonable efforts, recognizing the limited personnel Tasty has for such purpose," when operating DiStefano's route. *DiStefano*, 2024 WL 3936920, at *6 (quoting J.A. 261). DiStefano had "not adduced any fact that creates a genuine dispute" as to whether Tasty Baking reasonably serviced the route, the court concluded. *Id.*; *see also id.* at *6 n.5 (observing that DiStefano's "assertions regarding Tasty's post-termination shortcomings are notably devoid of any citation to the record").  And even if Tasty Baking had "operated the line imperfectly," as DiStefano claimed, that still would not demonstrate a failure to make the "reasonable efforts" required by the contract. *Id.* at *6.  DiStefano's contention that Tasty Baking was required to remit profits, the court finished, was likewise refuted by

---

[2] The parties agree that Pennsylvania law governs this dispute pursuant to a choice-of-law clause in their agreement.

5

the contract's post-termination provision, which made clear that it was *DiStefano* who was obliged to pay Tasty Baking in connection with the post-termination operation of its route. *Id.*

The district court also rejected DiStefano's claim that Tasty Baking's post-termination actions, even if consistent with the express terms of the contract, violated the implied covenant of good faith. Under Pennsylvania law, the court explained, the "very limited duty of good faith" that applies to franchise relationships extends only to the termination of franchise agreements, and not to "any other part of the franchise relationship." *DiStefano*, 2024 WL 3936920, at *4. DiStefano's post-termination breach-of-contract claim, in other words, turned entirely on the terms of the parties' agreement. *Id.* at *5. And because "the language of the [a]greement does not create the rights and obligations" that DiStefano sought to enforce, *id.* at *6, that claim could not succeed.

Accordingly, the district court granted summary judgment to Tasty Baking. This timely appeal followed.

## II.

We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court and viewing the facts in the light most favorable to DiStefano, as the non-moving party. *W. C. English, Inc. v. Rummel, Klepper & Kahl, LLP*, 934 F.3d 398, 402–03 (4th Cir. 2019). On appeal, the parties advance substantially the same arguments they presented to the district court. And for substantially the same reasons given by the district court, we now affirm the court's judgment.

6

We begin, as the district court did, with termination.  And we agree with the district court that the parties' agreement unambiguously allowed Tasty Baking to terminate where, as here, it had issued three breach notices in a three-month period.  On appeal, DiStefano resists this conclusion by suggesting that the reports underlying the first two notices – for failure to remove expired products from stores – had been fabricated.  The record, however, says otherwise:  Tasty Baking submitted a sworn declaration from the employee who discovered the products at issue, and DiStefano admitted it had no evidence calling that account into question.

As to the implied duty of good faith under Pennsylvania law, the parties dispute whether that duty can be breached when a franchisor terminates an agreement under authority expressly reserved by the contract.  *See Witmer v. Exxon Corp.*, 434 A.2d 1222, 1227 (Pa. 1981) (finding that the implied duty of good faith is not breached when a franchisor does "no more than activate the procedures explicitly contemplated by the plain terms" of the contract).  But we need not engage that debate here because, as the district court found, the record in any event contains no evidence that Tasty Baking acted in bad faith by singling out DiStefano for disadvantageous treatment – inspecting its stores more often or giving it less support in customer disputes – as compared to other distributors.

With respect to Tasty Baking's post-termination conduct, DiStefano makes just one argument on appeal:  that the district court erred in declining to apply Pennsylvania's implied covenant of good faith beyond termination to "performance-related" issues arising from the franchise relationship.  Brief for Plaintiff-Appellant at 43.  We agree with the district court that this argument is foreclosed by Pennsylvania law.  The Pennsylvania

7

Supreme Court has expressly held that the covenant is "applicable only in the context of an attempt on the part of the franchisor to terminate its relationship with the franchisee," *Witmer*, 434 A.2d at 1227, and no Pennsylvania appellate court has applied it to a franchisor's performance of its contractual obligations.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*